## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

|  |  |  |
|---|---|---|
| WILL PROPERTIES, INC. and 195 WWK, INC., | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. <u>6:15-cv-352</u> |
| CENTURY SURETY COMPANY, BASS UNDERWRITERS, INC., WHEELER, DEFUSCO & ASSOCIATES, and CLARENCE ESTES, | § § § § § | JURY DEMAND |
| Defendants. | § § | |

---

### NOTICE OF REMOVAL OF DEFENDANT CENTURY SURETY COMPANY

---

**TO THE HONORABLE JUDGE OF SAID COURT**:

Comes now Defendant, **CENTURY SURETY COMPANY**, and files this Notice of Removal and shows the court the following:

### I.
### INTRODUCTION

1.      Plaintiffs, WILL PROPERTIES, INC. and 195 WWK, INC. ("Plaintiffs"), are citizens of this state.  Defendant CENTURY SURETY COMPANY ("Century") is a foreign corporation organized and existing under the laws of the state of Ohio with its principal place of business in 26255 American Drive, Southfield, Michigan 48034.

2.      On October 26, 2015, Plaintiffs sued Defendant Century, among others, in the 146th Judicial District Court of Bell County, Texas, in Cause No. 280,893-B styled *Will Properties, Inc. and 195 WWK, Inc., Plaintiffs, v. Century Surety Company, Bass Underwriters,*

---

*Inc., Wheeler, Defusco & Associates, and Clarence Estes, Defendants,* which case is still pending in said court.

3.      Century was served with such suit on November 6, 2015.   Century files this Notice of Removal within the 30-day time period required by 28 U.S.C. §1446(b).

## II.
## BASIS FOR REMOVAL

4.      Removal is proper because there is complete diversity between the parties and the amount in controversy exceeds $75,000.  *See* 28 U.S.C. §1332(a).

5.      The amount in controversy exceeds $75,000 because Plaintiffs' petition alleges "Plaintiffs currently estimate actual damages to the Property under the Policy are in excess of $1,377,960.01."

6.      With respect to diversity, Plaintiffs are Texas corporations whose principal place of businesses are located in Bell County, Texas.

7.      Defendant Century is a foreign corporation organized and existing under the laws of the state of Ohio with its principal place of business at 26255 American Drive, Southfield, Michigan 48034.

8.      Defendant, Wheeler, DeFusco & Associates is a limited liability company with its principal place of business at 1509 NE 4th Avenue, Fort Lauderdale, Florida 33304.  Upon information and belief, the limited liability company has two members, Jeremy Wheeler and Robert Defusco, and both members are Florida citizens.

9.      Defendant Bass Underwriters, Inc. is a Florida corporation with its principal place of business at 6951 W. Sunrise Boulevard, Planation, Florida 33313.

10.     Defendant Clarence Estes is an independent adjuster and has been improperly joined as a defendant in order to defeat diversity jurisdiction.  For reasons discussed below,

---

**NOTICE OF REMOVAL OF DEFENDANT CENTURY SURETY COMPANY**                                    Page 2

D/937010v2

Plaintiffs have no possibility of recovery against Clarence Estes.  Clarence Estes's Texas citizenship should therefore be disregarded.

11.     The doctrine of improper joinder is a narrow exception to the rule of complete diversity, and it "entitle[s] a defendant to remove to a federal forum unless an in-state defendant has been 'properly joined.'"  *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc).  The doctrine allows federal courts to prevent attempts to manipulate their jurisdiction, such as by joining nondiverse parties solely to deprive federal courts of diversity jurisdiction. *See id.* at 576.

12.     Improper joinder is established by showing that there was either actual fraud in the pleading of jurisdictional facts or that the plaintiff is unable to establish a cause of action against the nondiverse defendant in state court.  *Parsons v. Baylor Health Care Sys.*, No. 3:12-CV-4071, 2012 WL 5844188, at *2 (N.D. Tex. Nov.19, 2012) (citing *Smallwood*, 385 F.3d at 573).  Under the second alternative, which is at issue in this case, the test is:

> [W]hether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.

*Smallwood*, 385 F.3d at 573.  To determine "whether a plaintiff has a reasonable basis of recovery under state law[,]"

> [T]he court may conduct a [Fed. R. Civ. P.] 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. That said, there are cases, hopefully few in number, in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry.

*Smallwood*, 385 F.3d at 573 (footnotes omitted).

13.     Here, Plaintiffs allege that Estes may be held liable under various subsections of Texas Insurance Code § 541.060, as well as under Texas Insurance Code § 542.003(b). However, Estes cannot be liable under any of these provisions.  Estes also cannot be liable for based upon the conclusory allegations involving DTPA violations, fraud, and conspiracy to commit fraud.

14.     Plaintiffs have no possibility of recovery against Estes with respect to Texas Insurance Code § 542.003(b)(3) and (b)(4) because these provisions apply to insurers and not independent adjusters.  The plain language of these provisions makes that clear.  Section 542.003(b) of the Insurance Code states, "Any of the following acts ***by an insurer*** constitutes unfair claim settlement practices . . . ."

15.     Estes cannot be held liable under § 541.060(a)(1).  Plaintiffs allege that Estes "misrepresented to Plaintiffs material facts relating to the coverage by grossly undervaluing damages to the Property, which constitutes an unfair method of competition and a deceptive act or practice in the businessof insurance."   Pet. ¶ 72.   There are at least two problems with Plaintiffs' argument.  First, these statements do not fall within the scope of § 541.060(a)(1) because they do not relate to the "coverage at issue." *Messersmith v. Nationwide Mut. Fire Ins. Co.,* 10 F. Supp. 3d 721, 724 (N.D. Tex. 2014) (holding that the claims adjuster had been improperly joined because alleged misrepresentations that "there was no damage to . . . roof when in fact there was damage" and "that the damage was only cosmetic in nature when in fact there was leaking resulting from the damage" were not statements that related to coverage at issue). "The misrepresentation must be about the details of a policy, not the facts giving rise to a claim for coverage."  *Id.; see also One Way Investments, Inc. v. Century Sur. Co.*, No. 3:14-CV-2839, 2014 WL 6991277, *4 (N.D. Tex. Dec. 11, 2014) (finding § 541.060(a)(1) could not apply

**NOTICE OF REMOVAL OF DEFENDANT CENTURY SURETY COMPANY**                                    Page 4

D/937010v2

against the individual field adjuster because the insured did not allege that individual made misrepresentations about the details of the policy). Moreover, an independent adjuster has no duty to provide a policyholder with a reasonable explanation. *See Crocker v. American Nat. Gen. Ins. Co.,* 211 S.W.3d 928, 937 (Tex. App.—Dallas 2007, no pet.) ("An independent adjusting firm hired exclusively by an insurance carrier has no relationship with, and therefore no duty to, an insured . . . regardless of whether [the insured] phrased his allegations as negligence, bad faith, breach of contract, tortious interference, or DTPA claims."). Section 541.060(a)(1) cannot apply here because Plaintiffs do not allege that Estes made misrepresentations about the details of the Policy.

16.     Second, Plaintiffs' petition makes clear that all of Plaintiffs' "misrepresentations" related to Estes's report. However, Estes's representations in the report were made by Estes to Century and not to Plaintiffs. Thus, Plaintiffs' alleged misrepresentations cannot establish liability under § 541.060(a)(1).

17.     Plaintiffs cannot recover against Estes under § 541.060(a)(2)(A). Section 541.060(a)(2), which prohibits "'failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement' of claims where the insurer's liability is reasonably clear . . . forces insurance companies to pay a claim when the evidence is 'reasonably clear.'" *Messersmith,* 10 F. Supp. 3d at 724. However, an independent adjuster "cannot be held liable under this section because, as an adjuster, [he] does not have settlement authority on behalf of [the insurer.]" *Id.* "[His] sole role is to assess the damage." *Id.*; *see also One Way Investments*, 2014 WL 6991277, *4. Plaintiffs cannot recover from Estes under § 541.060(a)(2)(A) in this case because Estes is an independent adjuster with no authority to settle the claim on behalf of Century.

---

**NOTICE OF REMOVAL OF DEFENDANT CENTURY SURETY COMPANY**                                      Page 5

D/937010v2

18.     Plaintiffs cannot recover against Estes under § 541.060(a)(3).   Section 541.060(a)(3) prohibits "failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim."   An independent adjuster has no duty to provide a policyholder with a reasonable explanation.   *See Crocker v. American Nat. Gen. Ins. Co.,* 211 S.W.3d 928, 937 (Tex. App.—Dallas 2007, no pet.) ("An independent adjusting firm hired exclusively by an insurance carrier has no relationship with, and therefore no duty to, an insured . . . regardless of whether [the insured] phrased his allegations as negligence, bad faith, breach of contract, tortious interference, or DTPA claims.").   Therefore, Estes cannot be held liable under section 541.060(3) as an adjuster.   *See Mainali Corp. v. Covington Specialty Ins. Co.*, No. 3:15-CV-1087-D, 2015 WL 5098047, at *4 (N.D. Tex. Aug. 31, 2015) (stating "an adjuster cannot be held liable under § 541.060(a)(3) because an adjuster has no obligation to provide a policyholder a reasonable explanation of the basis in the policy for the insurer's denial of a claim, or offer of a compromise settlement of a claim").

19.     Plaintiffs' DTPA claims against Estes similarly fail.  As recognized by the Court in *Messersmith:* "[T]he [DTPA] allegations revolve around the sale and provision of insurance for hail damage that [the independent adjuster] was entirely unrelated to." *Messersmith,* 10 F.Supp.3d at 724; *see also Slabaugh v. Allstate Ins. Co.*, No. 4:15CV115, 2015 WL 4046250, at *10 (E.D. Tex. June 30, 2015) (same).

20.     Finally, Plaintiffs have no possibility for recovery against Estes for fraud and conspiracy to commit fraud for at least two reasons.  First, the fraud and conspiracy to commit fraud allegations are facially inadequate because Plaintiffs only recite the elements of fraud and conspiracty to commit fraud.  Second, since Estes had no contact with Plaintiffs until after the

loss, Plaintiffs cannot prove any set of facts that would support a fraud or conspiracy to commit fraud claim against Estes.  *See Centro Cristiano Cosecha Final, Inc. v. Ohio Cas. Ins. Co*., No. H-10-1846, 2011 WL 240335, *11 (S.D. Tex. Jan. 20, 2011) (determining plaintiff could not prove any set of facts to support a fraud claim against the adjuster because the adjuster had no contact with plaintiff until after the property damage occurred); *see also Aguilar v. State Farm Lloyds*, No. 4:15-CV-565-A, 2015 WL 5714654, *3 (N.D. Tex. Sept. 28, 2015) (finding the plaintiff failed to state a plausible calim against the adjuster for fraud and conspiracy to commit fraud).

21.     The following pleadings in the state court action are attached to this notice as required by 28 U.S.C. §1446(a):

Exhibit A – Plaintiffs' Original Petition, Jury Demand, and Request for Disclosure;

Exhibit B – Defendant Century Surety Company's Original Answer

We will supplement the record as required by 28 U.S.C. §1446(a).

22.     Venue is proper in this district under 28 U.S.C. §1441(a) because the state court action where the action has been pending is located in this district.

23.     Defendant Century will promptly file a copy of this notice of removal with the clerk of the state court where the action has been pending.

## III.
## PRAYER

**WHEREFORE**, Defendant, Century Surety respectfully requests the Court to remove the action referred to as Cause No. 280,893-B styled *Will Properties, Inc. and 195 WWK, Inc., Plaintiffs, v. Century Surety Company, Bass Underwriters, Inc., Wheeler, Defusco & Associates, and Clarence Estes, Defendants*, to this Court.

---

**NOTICE OF REMOVAL OF DEFENDANT CENTURY SURETY COMPANY**                    Page 7

D/937010v2

Respectfully submitted,

By:  s/R. Brent Cooper
      **R. BRENT COOPER**
      State Bar No. 04783250
      Brent.Cooper@cooperscully.com
      **COOPER & SCULLY, P.C.**
      Founders Square
      900 Jackson Street, Suite 100
      Dallas, Texas 75202
      Telephone:  (214) 712-9500
      Telecopy:  (214) 712-9540
      **ATTORNEYS    FOR    DEFENDANT,
      CENTURY SURETY COMPANY**

## CERTIFICATE OF SERVICE

      I certify that a true and correct copy of the above and foregoing document was served electronically through the electronic-filing manager (EFM) and/or via facsimile pursuant to the Texas Rules of Civil Procedure on the 7th day of December 2015 to:

    David P. Wilson
    DWilson@pulfcom
    Provost Umphrey Law Firm, LLP
    490 Park Street, Suite 100
    Beaumont, TX  77701

    Chad T. Wilson
    Chad T. Wilson Law Firm, PLLC
    cwilson@cwilsonlaw.com
    1322 Space Park Drive, Suite A155
    Houston, TX  77058

      */s/ R. Brent Cooper*
      **R. Brent Cooper**

Notice of Removal - Page 000009



Filed 10/26/2015 2:10:34 PM
Joanna Staton, District Clerk
District Court - Bell County, TX
by Melissa Wallace , Deputy

NO. 280,893-B

| | | |
|---|---|---|
| WILL PROPERTIES, INC. and<br>195 WWK, INC. | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| Plaintiffs, | §<br>§ | |
| VS. | §<br>§ | 146TH __ JUDICIAL DISTRICT |
| CENTURY SURETY COMPANY,<br>BASS UNDERWRITERS, INC.,<br>WHEELER, DEFUSCO &<br>ASSOCIATES, and CLARENCE ESTES, | §<br>§<br>§<br>§<br>§ | |
| Defendants. | §<br>§ | BELL COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION,
## JURY DEMAND, AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Will Properties, Inc. and 195 WWK, Inc. ("Plaintiffs"), and file **Plaintiffs' Original Petition, Jury Demand, and Request for Disclosure**, complaining of Century Surety Company ("Century"), Bass Underwriters, Inc. ("Bass"), Wheeler, DeFusco & Associates ("Wheeler"), and Clarence Estes ("Estes") (or collectively, "Defendants"), and for cause of action, Plaintiffs respectfully show the following:

### DISCOVERY CONTROL PLAN

1.    Plaintiffs intend to conduct discovery under Level 3, Texas Rules of Civil Procedure 190.4 and 169.

### PARTIES

2.    Plaintiffs, Will Properties, Inc. and 195 WWK, Inc., are located in Bell County, Texas.

3.    Defendant, Century Surety Company, is an insurance company, engaged in the business of insurance in the State of Texas. Plaintiffs request service of citation upon **Century Surety**

**Company** through its registered agent, as listed in Plaintiffs' Commercial Lines Policy, **c/o Bass Underwriters, Inc., 2203 Timberloch Place, Suite 230, Woodlands, Texas 77380**. Plaintiffs request service at this time.

4.    Defendant, Bass Underwriters, Inc., is an insurance agency engaged in the business of insurance in the State of Texas. Plaintiffs request service of citation upon **Bass Underwriters, Inc.** at its mailing address, as listed with the Texas Department of Insurance, **6951 West Sunrise Boulevard, Plantation, Florida 33313**. Plaintiffs request service at this time.

5.    Defendant, Wheeler, DeFusco & Associates, is an independent insurance adjusting company engaged in the business of insurance in the State of Texas. Plaintiffs request service of citation upon **Wheeler, DeFusco & Associates** through its registered agent, as listed with the Florida Department of State, **c/o Gregory Ritter Esq., 5850 Coral Ridge Drive, Coral Springs, Florida 33076**. Plaintiffs request service at this time.

6.    Defendant, **Clarence Estes**, is an independent adjuster in the course and working scope of employment with Wheeler, DeFusco & Associates. Estes resides in Harris County, Texas, and may be served with citation at his residential address, as listed with the Texas Department of Insurance, **16506 Marble Creek Falls Court, Spring, Texas 77379**. Plaintiffs request service at this time.

### JURISDICTION

7.    The Court has jurisdiction over the cause because the amount in controversy is within the jurisdictional limits of the Court and there is no diversity between the parties.

2

8.      The Court has jurisdiction over Defendant Century because this Defendant is engaged in the business of insurance in the State of Texas and the cause of action arises out of Defendant's business activity in the state, including those in Bell County, Texas, with reference to this specific case.

9.      The Court has jurisdiction over Defendant Bass because this Defendant is engaged in the business of insurance in the State of Texas, and the cause of action arises out of Defendant's business activity in the state, including those in Bell County, Texas, with reference to this specific case.

10.     The Court has jurisdiction over Defendant Wheeler because this Defendant is engaged in the business of adjusting insurance claims in the State of Texas, and the cause of action arises out of Defendant's business activity in the state, including those in Bell County, Texas, with reference to this specific case.

11.     The Court has jurisdiction over Defendant Estes because this Defendant is a citizen of the State of Texas and the cause of action arises out of Defendant's wrongful conduct committed in Texas, including those in Bell County, Texas, with reference to this specific case.

## VENUE

12.     Venue is proper in Bell County, Texas, because all or a substantial part of the events giving rise to this lawsuit occurred in Bell County, Texas and the insured property is located in Bell County, Texas.  TEX. CIV. PRAC. & REM. CODE § 15.032.

3

## FACTS

13.  Plaintiffs assert claims for fraud, breach of contract, conspiracy to commit fraud, violations of sections 541 and 542 of the Texas Insurance Code, and violations of the Texas DTPA.

14.  Plaintiffs are the owners of a Century Surety Company Commercial Lines Policy, number CCP 829593 (hereinafter referred to as "the Policy"), which was issued by Defendant Century, or its agent Defendant Bass.  At all relevant times hereto, Plaintiffs owned the insured premises located at 201, 203, 205, 211, 223, and 227 East Hallmark, Killeen, Bell County, Texas 76541 (hereinafter referred to as "the Property").

15.  Defendant Century, or its agent Defendant Bass, sold the Policy, insuring the Property, to Plaintiffs.  Defendant Century, or its agent Defendant Bass, represented to Plaintiffs that the Policy included hail and windstorm coverage for damage to Plaintiffs' Property.

16.  On or about March 28, 2014, the Property sustained extensive damage resulting from a severe storm that passed through the Bell County, Texas area.

17.  In the aftermath of the hail and windstorm, the Plaintiffs submitted a claim to Defendant Century against the Policy for damage to the Property.  Defendant assigned claim number 01-092358 to Plaintiffs' claim.

18.  Plaintiffs asked Defendant Century to cover the cost of damage to the Property pursuant to the Policy.

19.  Defendant Century hired or assigned Defendants Wheeler and Estes to inspect and adjust the Plaintiffs' claim.

4

20.   On or about April 23, 2014, Defendants Wheeler and Estes, investigated Plaintiffs' claim. Defendants generated an estimate of damages totaling $46,024.92 with an associated net actual cash value payment of $34,121.18.

21.   Although Defendants Century, Wheeler, and Estes, acknowledge damage to the Property, Defendants conducted a substandard and improper inspection of the Property, which yielded a grossly inaccurate and unrealistic assessment of the cause, extent, and dollar amount of the damage to the Property.

22.   This is evident in Defendant Wheeler's and Estes' claim report, which failed to include all wind and hail damage to the Property. In Defendant Century's letter to the Plaintiffs, dated June 23, 2014, Defendant states, "We retained the services of Clarence Estes from Wheeler & DeFusco . . . to assist us with the investigation of your claim. We are guided by the information presented to us."

23.   In the same letter, Defendant Century further states, "the metal roof sustained hail damage and there is collateral damage to other metal and wood surfaces and to the A/C unit fins." Defendant continues, "However, the modified bitumen roof (BI) did not sustain hail or other damage from a covered cause of loss. At this time, we must respectfully decline coverage for the modified bitumen roof."

24.   In conclusion to its letter to Plaintiffs, Defendant Century states, "Your building must sust[a]in damage caused by a covered cause of loss for coverage to apply. Our investigation determined that the damages to your modified bitumen roof resulted from wear and tear ..." Because of this, Plaintiffs could not recover the full amount of damages as a result of the storm.

5

25.   By asserting that there was additional damage that is excluded by the Policy, Defendants Century, Wheler, and Estes, grossly undervalued damages to Plaintiffs' Property.

26.   Contrary to Defendant Century's, Wheeler's, Estes' determinations, a public adjuster, hired by the Plaintiffs, found extensive damage to the Property's Mod Bit roofing system, metal roofing system, HVAC system, interior sub room, storage room, office, side room, main room, women's bathroom, and men's bathroom.  This damage was caused by hail and wind.

27.   Plaintiffs' public adjuster documented damage to the roofing and HVAC systems from the impact of hail and windstorm, which resulted in a direct physical loss.  The public adjuster maintains that it will cost Plaintiffs $785,505.20 to make all necessary repairs to the roofing systems and $386,323.95 to make all necessary repairs to the HVAC system.

28.   Defendants Wheeler and Estes, also failed to document extensive interior damage to the sub room, storage room, office, side room, main room, women's bathroom, and men's bathroom.  The public adjuster estimated that it will cost Plaintiffs $206,130.86 to make all necessary repairs to the interior of the Property.

29.   After receipt of Plaintiffs' public adjuster's initial letter dated, June 21, 2014, Defendants Century, Wheeler, and Estes, agreed to reinspect Plaintiffs' Property.

30.   On or about July 22, 2014, Defendants Century, Wheeler, and Estes, or their agent, generated a second estimate with damages totaling $46,024.92.  The second estimate reflects the exact amount as the second estimate to the penny. Defendants failed to conduct a timely reinspection and a further meaningful investigation into Plaintiffs' claim.  This complete disregard and delay is inexcusable.

6

31.   In Defendant Century's letter to Plaintiffs' public adjuster, dated September 15, 2014, Defendant acknowledges that both estimates "included replacement of the metal roof panels due to the minor hail denting, combing the A/C coils and replacement of one 10 ton A/C unit." Defendant Century continues, "the interior leakage is not due to a covered cause of loss, but rather due to wear and tear …"

32.   In the same letter, Defendant Century states, "We again respectfully decline coverage for the Modified Bitumen roof damage and the interior building damage." Defendant also notifies the Plaintiffs that, "No additional payment is due for the damages covered by the policy."

33.   On or about November 14, 2014, due demand was made to cover the cost of damages to the Plaintiffs' Property pursuant to the Policy that Defendant Century, or its agent Defendant Bass, sold to Plaintiffs.

34.   In response to Plaintiffs' demand to pay, Defendant Century sent a form letter stating Defendant wanted a fourth bite at the apple by demanding appraisal for this loss per the policy provisions, although the parties had already reached an impasse.

35.   Defendants Century, Wheeler, and Estes, have ultimately refused any additional coverage which includes, but is not limited to, replacement of the roof in a manner that complies with Bell County, Texas building codes.

36.   As stated above, Defendant Century, through its agents, Defendants Wheeler and Estes, improperly adjusted Plaintiffs' claim. Without limitation, Defendants misrepresented the cause of, scope of, and cost to repair damages to Plaintiffs' Property, as well as the amount of insurance coverage for Plaintiffs' claim or loss under the Policy.

7

37. Defendants Century, Wheeler, and Estes, made these and other false representations to Plaintiffs, either knowingly or recklessly, as a positive assertion, without knowledge of the truth. Defendants made these false representations with the intent that Plaintiffs act in accordance with the misrepresentations regarding the grossly deficient damage and repair estimates.

38. Plaintiffs relied on Defendant Century's, Wheeler's, and Estes', misrepresentations, including but not limited to those regarding coverage, the cause of, scope of, and cost to repair the damage to Plaintiffs' Property. Plaintiffs' damages are the result of Plaintiffs' reliance on these misrepresentations regarding coverage, the cause of, scope of, and cost to repair the damage to Plaintiffs' Property.

39. Upon receipt of the inspection report from its agents, Defendants Wheeler and Estes, Defendant Century failed to assess the claim thoroughly. Based upon Defendant Century's, Wheeler's, and Estes', grossly unreasonable, intentional, and reckless failure to investigate the claim properly, Defendants failed to provide coverage due under the Policy and Plaintiffs suffered damages.

40. Because Defendants Century, Wheeler, and Estes, failed to provide adequate coverage for Plaintiffs' insurance claim, Plaintiffs have been unable to complete any substantive repairs to the Property. This has caused additional damage to Plaintiffs' Property.

41. Defendants, Century, Wheeler, and Estes, failed to perform their contractual duties to Plaintiffs under the terms of the Policy. Specifically, Defendants refused to pay proceeds due under the Policy, although due demand was made for an amount sufficient to cover the

8

damaged Property, and all conditions precedent to recover upon the Policy were carried out by Plaintiffs.

42.  Defendant Century's, Wheeler's, and Estes' misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code.  Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between Defendant Century, Defendant Bass, and Plaintiffs.

43.  Defendant Century's, Wheeler's, and Estes' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(1). Defendants failed to settle Plaintiffs' claim in a fair manner, although Defendants were aware of liability to Plaintiffs under the Policy.  Specifically, Defendants have failed to, in an honest and fair manner, balance their interests in maximizing gains and limiting disbursements, with the interests of Plaintiffs by failing to timely pay Plaintiffs' coverage due under the Policy.

44.  Defendant Century's, Wheeler's, and Estes' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(2)(A). Defendants failed to provide Plaintiffs a reasonable explanation for under payment of the claim.

45.  Specifically, Defendant Century, through its agents, Defendants Wheeler and Estes, servants, and representatives, performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the Property.

9

46.  Defendant Century's, Wheeler's, and Estes' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055. Defendants failed to reasonably accept or deny Plaintiffs' full and entire claim within the statutorily mandated time after receiving all necessary information.

47.  Defendant Century's, Wheeler's, and Estes' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056. Defendants failed to meet their obligations under the Texas Insurance Code regarding timely payment of the claim. Specifically, Defendants have delayed full payment of Plaintiffs' claim longer than allowed, and Plaintiffs have not received all payments due.

48.  Defendant Century's, Bass', Wheeler's, and Estes' wrongful acts and omissions forced Plaintiff to retain the professional services of the attorneys and law firms representing them with respect to these causes of action.

## CAUSES OF ACTION AGAINST DEFENDANT CENTURY

### BREACH OF CONTRACT

49.  Defendant Century is liable to Plaintiffs for intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing. It follows, then, that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between Defendant and Plaintiffs.

50.  Defendant's failure and/or refusal to pay adequate coverage as obligated under the Policy, and under the laws of the State of Texas, constitutes a breach of Defendant's insurance contract with Plaintiffs.

10

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE:
## UNFAIR SETTLEMENT PRACTICES

51.  Defendant Century's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are actionable by TEX. INS. CODE §541.151.

52.  Defendant's unfair settlement practice of misrepresenting to Plaintiffs material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

53.  Defendant's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

54.  Defendant's unfair settlement practice of failing to provide Plaintiffs a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for underpayment and denial of the claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

55.  Defendant's unfair settlement practice of refusing to pay Plaintiffs' full claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

11

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE:
## THE PROMPT PAYMENT OF CLAIMS

56.     Defendant Century's conduct constitutes multiple violations of the Texas Insurance Code,

        Prompt Payment of Claims.  All violations made under this article are actionable under

        TEX. INS. CODE §542.060.

57.     Defendant's delay in paying Plaintiffs' claim following receipt of all items, statements, and

        forms reasonably requested and required, for longer than the amount of time provided,

        constitutes a non-prompt payment of the claim.  TEX. INS. CODE §542.058.

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

58.     Defendant Century's conduct constitutes a breach of the common law duty of good faith

        and fair dealing owed to an insured in insurance contracts.

59.     Defendant's failure to adequately and reasonably investigate and evaluate Plaintiffs' claim,

        even though Defendant knew or should have known by the exercise of reasonable diligence

        that liability was reasonably clear, constitutes a breach of the duty of good faith and fair

        dealing.

### CAUSES OF ACTION AGAINST DEFENDANT WHEELER

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE:
### UNFAIR SETTLEMENT PRACTICES

60.     Defendant Wheeler's conduct constitutes multiple violations of the Texas Insurance Code,

        Unfair Claim Settlement Practices Act.  TEX. INS. CODE §541.060(a).

61.     Defendant is individually liable for its unfair and deceptive acts, irrespective of the fact

        that it was acting on behalf of Defendant Century, because Defendant is a "person" as

        defined by TEX. INS. CODE §541.002(2).

12

62.  As mentioned above, Defendant, as Defendant Century's agent, deliberately underestimated Plaintiffs' damages. As such, Defendant failed to adopt and implement reasonable standards for the prompt investigation of the claim arising under the Policy. TEX. INS. CODE §542.003(3).

63.  Furthermore, Defendant, as Defendant Century's agent, did not attempt in good faith to effect a fair, prompt, and equitable settlement of the claim. TEX. INS. CODE §542.003(4).

64.  Defendant, as Defendant Century's agent, failed to provide Plaintiffs a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for underpayment of the claim, also constitutes an unfair method of competition and an unfair and deceptive act or practice. TEX. INS. CODE §541.060(a)(3).

65.  Defendant, as Defendant Century's agent, misrepresented to Plaintiffs material facts relating to coverage by grossly undervaluing damages to the Property, which constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

66.  Defendant's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

13

## CAUSES OF ACTION AGAINST DEFENDANT ESTES

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE:
### UNFAIR SETTLEMENT PRACTICES

67. Defendant Estes' conduct constitutes multiple violations of the Texas Insurance Code, Unfair Claim Settlement Practices Act. TEX. INS. CODE §541.060(a).

68. Defendant is individually liable for their unfair and deceptive acts, irrespective of the fact that they were acting on behalf of Defendants, Century and Wheeler, because Defendant is a "person" as defined by TEX. INS. CODE §541.002(2).

69. As mentioned above, Defendant, as Defendant Century's and Wheeler's agent, deliberately underestimated Plaintiffs' damages. As such, Defendant failed to adopt and implement reasonable standards for the prompt investigation of the claim arising under the Policy. TEX. INS. CODE §542.003(3).

70. Furthermore, Defendant, as Defendant Century's and Wheeler's agent, did not attempt in good faith to effect a fair, prompt, and equitable settlement of the claim. TEX. INS. CODE §542.003(4).

71. Defendant, as Defendant Century's and Wheeler's agent, failed to provide Plaintiffs a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for underpayment of the claim, also constitutes an unfair method of competition and an unfair and deceptive act or practice. TEX. INS. CODE §541.060(a)(3).

72. Defendant, as Defendant Century's and Wheeler's agent, misrepresented to Plaintiffs material facts relating to coverage by grossly undervaluing damages to the Property, which constitutes an unfair method of competition and a deceptive act or practice in the business

14

of insurance. TEX. INS. CODE §541.060(a)(1).

73. Defendant's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

## CAUSES OF ACTION AGAINST ALL DEFENDANTS

### DTPA VIOLATIONS

74. Defendants' conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63. Plaintiffs are consumers of goods and services provided by Defendants pursuant to the DTPA. Plaintiffs have met all conditions precedent to bringing this cause of action against Defendants. Specifically, Defendants' violations of the DTPA include, without limitation, the following matters:

A. By their acts, omissions, failures, and conduct, Defendants have violated sections 17.46(b)(2), (5), (7), (9), (12), (20), and (24) of the DTPA. In this respect, Defendants' violations include, (1) unreasonable delays in the investigation, adjustment, and resolution of Plaintiffs' claim, (2) failure to give Plaintiffs the benefit of the doubt, and (3) failure to pay for the proper repair of Plaintiffs' property when liability has become reasonably clear, which gives Plaintiffs the right to recover under section 17.46(b)(2).

B. As described in this petition, Defendants represented to Plaintiffs that the insurance policy and Defendants' adjusting and investigative services had characteristics or benefits they did not possess, which gives Plaintiffs the right to recover under

15

section 17.46(b)(5) of the DTPA.

C.    As described in this petition, Defendants represented to Plaintiffs that Defendants' insurance policy and adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D.    As described in this petition, Defendants advertised the insurance policy and adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

E.    Defendants breached an express warranty made by Defendants that all damages caused by wind and hail would be covered under the Policy.  This breach entitles Plaintiffs to recover under sections 17.46(b)(12) and (20) and 17.50(a)(2) of the DTPA.

F.    Defendants' actions, as described in this petition, are unconscionable in that Defendants took advantage of Plaintiffs' lack of knowledge, ability, and experience to a grossly unfair degree.  Defendants' unconscionable conduct gives Plaintiffs a right to relief under section 17.50(a)(3) of the DTPA; and

G.    Defendants' conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

75.    Each of the above-described acts, omissions, and failures of Defendants are a producing cause of Plaintiffs' damages that are described in this petition. All of the above-described acts, omissions, and failures of Defendants, were committed knowingly and intentionally, as defined by the Texas Deceptive Trade Practices Act.

16

## FRAUD

76.   Defendants Century, Bass, Wheeler, and Estes, are liable to Plaintiffs for common law fraud.

77.   Each and every one of the misrepresentations described above, concerned material facts that absent such representations, Plaintiffs would not have acted as they did, and Defendants knew the representations were false or made recklessly without any knowledge of their truth as a positive assertion.

78.   Defendants made these statements intending that Plaintiffs act upon them. Plaintiffs then acted in reliance upon these statements, thereby causing Plaintiffs to suffer injury constituting common law fraud.

## CONSPIRACY TO COMMIT FRAUD

79.   Defendants Century, Bass, Wheeler, and Estes, are liable to Plaintiffs for conspiracy to commit fraud. Defendants were members of a combination of two or more persons whose object was to accomplish an unlawful purpose or a lawful purpose by unlawful means. In reaching a meeting of the minds regarding taking a course of action against Plaintiffs, Defendants committed an unlawful, overt act to further the object or course of action. Plaintiffs suffered injury as a proximate result.

## KNOWLEDGE

80.   Defendants Century, Bass, Wheeler, and Estes, made each of the acts described above, together and singularly, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiffs' damages described herein.

17

## WAIVER AND ESTOPPEL

81.    Defendants Century, Bass, Wheeler, and Estes, waived and are estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiffs.

## DAMAGES

82.    The damages caused to the Property have not been properly addressed or repaired since the claim was made, causing further damages to the Property, and causing undue hardship and burden to Plaintiffs.  These damages are a direct result of Defendant Century's, Wheeler's, and Estes' mishandling of Plaintiffs' claim in violation of the laws set forth above.

83.    Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiffs.   The above described acts, omissions, failures, and conduct of Defendants have caused Plaintiffs' damages, which include, without limitation, the cost to properly repair Plaintiffs' Property and any investigative and engineering fees incurred in the claim.

84.    For breach of contract, Plaintiffs are entitled to regain the benefit of their bargain, which is the amount of Plaintiffs' claim, consequential damages, together with attorney's fees.

85.    Plaintiffs currently estimate actual damages to the Property under the Policy are in excess of $1,377,960.01.

86.    For noncompliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits owed pursuant to the Policy, mental anguish, court costs, and attorney's fees.  For knowing and intentional conduct of the acts described above, Plaintiffs ask for three times their actual

18

damages.  TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(b)(1).

87.    For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of their claim, plus an eighteen (18) percent per annum penalty on that claim, as damages, as well as pre-judgment interest and reasonable attorney's fees. TEX. INS. CODE §542.060.

88.    For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

89.    Defendants' breach of the common law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiffs' rights and welfare, and with "malice" as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code.  These violations by Defendants are the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages.  Therefore, Plaintiffs seek the recovery of exemplary damages in an amount determined by the finder of fact that is sufficient to punish Defendants for their wrongful conduct and to set an example to deter Defendants and others similarly situated from committing similar acts in the future.

90.    For fraud, Plaintiffs are entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

91.    For the prosecution and collection of these claims, Plaintiffs have been compelled to engage the services of the attorneys subscribed to this pleading.  Therefore, under Chapter

19

38 of the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

92.   As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiffs' counsel state that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c)(3) of the Texas Rules of Civil Procedure, Plaintiffs' counsel state that Plaintiffs seek over $1,000,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees. A jury will ultimately determine the monetary relief actually awarded, however. Plaintiffs also seek pre-judgment and post-judgment interest at the highest legal rate.

## REQUEST FOR DISCLOSURE

93.   Under Texas Rules of Civil Procedure 190 and 194, Plaintiffs request that each Defendant disclose, within fifty (50) days from the date this request is served, the information or material described in Rules 190.2(b)(6) and 194.2.

## JURY DEMAND

94.   Plaintiffs hereby request a jury trial for all causes of action alleged herein, tried before a jury consisting of citizens residing in Bell County, Texas. Plaintiffs hereby tender the appropriate jury fee.

20

## PRAYER

Plaintiffs, Will Properties, Inc. and 195 WWK, Inc., pray that Defendants, Century Surety Company, Bass Underwriters, Inc., Wheeler, DeFusco & Associates, and Clarence Estes, be cited and served to appear, and that upon trial hereof, Plaintiffs have and recover from Defendants such sums as would reasonably and justly compensate Plaintiffs in accordance with the rules of law and procedure, as to actual damages, consequential damages, treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages as may be found.  In addition, Plaintiffs request the award of attorneys' fees for the trial and any appeal of this case, for all costs of Court expended on Plaintiffs' behalf, for pre-judgment and post-judgment interest as allowed by law, and for any other and further relief, at law or in equity, to which Plaintiffs may show themselves justly entitled.

Respectfully submitted,

PROVOST UMPHREY LAW FIRM LLP

By: /s/ David P. Wilson

David P. Wilson
Bar No. 21672700
DWilson@pulf.com
490 Park Street, Suite 100
Beaumont, Texas 77701
Telephone: (409) 835-6000
Facsimile: (409) 838-8888

CHAD T WILSON LAW FIRM PLLC

Chad T. Wilson
Bar No. 24079587
cwilson@cwilsonlaw.com

21

1322 Space Park Drive, Suite A155
Houston, Texas 77058
Telephone: (832) 415-1432
Facsimile: (281) 940-2137

**ATTORNEYS FOR PLAINTIFFS**

22

Filed 11/30/2015 10:23:15 AM
Donna Staton, District Clerk
District Court - Bell County, TX
by Melissa Wallace , Deputy

NO. 280,893-B

| | | |
|---|---|---|
| WILL PROPERTIES, INC. and 195 WWK, INC., | § § § | IN THE DISTRICT COURT OF |
| Plaintiffs, | § § | |
| v. | § § | |
| | § | BELL COUNTY, TEXAS |
| CENTURY SURETY COMPANY, BASS UNDERWRITERS, INC., WHEELER, DEFUSCO & ASSOCIATES, and CLARENCE ESTES, | § § § § § | |
| Defendants. | § § | 146TH JUDICIAL DISTRICT |

## DEFENDANT CENTURY SURETY COMPANY'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, CENTURY SURETY COMPANY, ("Defendant Century"), one of the Defendants in the above-entitled and numbered cause, and file this its Original Answer to Plaintiff's Original Petition, Jury Demand, and Request for Disclosure, and for such would respectfully show the court as follows:

### I.
### GENERAL DENIAL

Defendant Century generally denies each and every allegation, both singular and plural, averred in Plaintiff's Original Petition and every amendment or supplement thereto, and demands strict proof thereof by a preponderance of evidence pursuant to Rule 92 of the Texas Rules of Civil Procedure.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that upon final hearing hereon, Plaintiff take nothing, and that Defendant be discharged hence without day, to recover all

costs expended on its behalf, and for such other and further relief, both general and special, both

at law and in equity, to which Defendants may show themselves justly entitled.

Respectfully submitted,

**COOPER & SCULLY, P.C.**

By _____*/s/ R. Brent Cooper*_____
   **R. BRENT COOPER**
   State Bar No. 04783250
   **ROBERT J. WITMEYER**
   State Bar No. 24091174
  900 Jackson Street, Suite 100
  Dallas, Texas 75202
  Telephone:  (214) 712-9500
  Telecopy:  (214) 712-9540
  **ATTORNEYS FOR DEFENDANT**
  **CENTURY SURETY COMPANY**

<u>**CERTIFICATE OF SERVICE**</u>

  I certify that a true and correct copy of the above and foregoing document was served electronically through the electronic-filing manager (EFM) and/or via facsimile pursuant to the Texas Rules of Civil Procedure on the _____ day of November 2015 to:

  David P. Wilson
  DWilson@pulfcom
  Provost Umphrey Law Firm, LLP
  490 Park Street, Suite 100
  Beaumont, TX  77701

  Chad T. Wilson
  Chad T. Wilson Law Firm, PLLC
  cwilson@cwilsonlaw.com
  1322 Space Park Drive, Suite A155
  Houston, TX  77058

    */s/ R. Brent Cooper*_____
    **R. Brent Cooper**

DEFENDANT CENTURY SURETY COMPANY'S ORIGINAL ANSWER      Page 2

D/936956v1